

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

September 22, 2022

**Via ECF**:
The Honorable Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Najera *et al* v. SR Mango House Inc. *et al***
Civil Docket No.: 22-cv-01051 (RPK)(LB)

Dear Judge Bloom:

We represent Plaintiffs, Andres Najera, Mario Avila, and Elpidio Munguia, individually and on behalf of all others similarly situated ("Plaintiffs") in this FLSA matter, and we respectfully submit this letter motion to Amend the Plaintiffs' Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP").

**Relevant Background**

On February 28, 2022, the Plaintiffs commenced this collective action against SR Mango House Inc., and Shoaibur Rahman, as an individual ("Defendants") as a result of Defendants' willful failure to pay Plaintiffs any overtime wages despite Plaintiffs regularly working for Defendants in excess of 40 hours per week, minimum wages, and Unpaid Wages for past work performed, in willful violation of the Fair Labor Standards Act ("FLSA"), and the New York Labor Laws, and related state regulations (collectively, "NYLL"), as well as statutory damages resulting from Defendants' willful WTPA violations under the NYLL for failure to provide Plaintiffs with any written wage notices or paystubs, in English, and in Spanish (Plaintiff's primary language) of their regular and overtime rates of pay, regular pay day, and all such other information as required by NYLL § 195(1); and Defendants' willful failure to provide Plaintiffs with NYLL-compliant wage statements upon each payment of their wages as mandated by NYLL § 195(3). *See* Dkt. No. 1. Generally, Plaintiffs are three former employees of the Defendants, who worked for Defendants at various times primarily during the year 2021 at Defendants' place of business located at 5117 Church Avenue, Brooklyn, NY 11203.

Individual defendant, Shoaibur Rahman, filed a pro se answer on March 16, 2022, in which he alleged that "I am the President of SR Mango House Inc since 2018" and "I have [a] working partner [named] Anthony Singh, [and] he [is] operating the business since April 2021 to [the] Present." *See* Dkt. No. 11. Defense counsel of record appeared on this matter for all defendants on April 22, 2022 (Dkt. No. 14), and filed the Defendants' formal Answer on June 3, 2022. *See* Dkt. No. 16.

Pursuant to the Court's 06/06/2022 FLSA Order, the parties exchanged documentation and information relating to this matter and based on those exchanges and conversations with Defendants' counsel and our clients, we learned of two other individuals who are associated with the business and we believe qualify as employers under the FLSA and NYLL.

As such, on August 15, 2022, we apprised the Court that: "[t]he parties have exchanged the relevant information and documentation as required by paragraph 1 and the parties have met and conferred pursuant to paragraph 3 of the above Order. However, based on the information and documentation exchanged, and the parties' subsequent conversations regarding settlement, Plaintiffs believe at this time, it is necessary to amend the Complaint herein to add additional Defendants before mediation in this matter would be productive." *See* Dkt. No. 20.

Lastly, on September 16, 2022, we apprised the Court, *inter alia*, that: "[w]e are now prepared to file our Amended Complaint and to serve same on Defendants. We can file the Amended Complaint by Monday, September 19, 2022. After conferring with Defendants' counsel, the named Defendants anticipate being able to interpose an Answer to the Amended Complaint by October 19, 2022." *See* Dkt. No. 21.

### **Plaintiffs' Instant Motion to Amend pursuant to FRCP Rule 15(a)(2)**

Plaintiffs now move to amend their Complaint for the purpose of adding "Anthony Singh and Savita Singh, as individuals" as defendant-parties to this action.

Pursuant to Fed. R. Civ. Pro. R 15:
> (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

*See* Fed Rules Civ Proc R 15.

Insofar as the time for Plaintiffs to amend the Complaint as of right had expired, Plaintiffs previously sought leave of Court to amend the Complaint pursuant to FRCP 15(a)(2), which leave the Court granted on August 16, 2022 (*see* Dkt. No. 20), and which relief counsel for the Defendants has consented to.

The Court should grant Plaintiffs' instant application to amend, in chief, because Anthony Singh and Savita Singh were also the Plaintiffs' "individual employers" within the meaning and intent of the FLSA, and are necessary parties to this action.

As asserted above, named Defendants entered in a Lease Agreement together with Anthony Singh in 2021, pursuant to which, *inter alia*, they entered into a profit-sharing agreement relating to Defendants' business.

During our conversation with Defense Counsel on August 16, 2022, Defense Counsel asserted that subsequent to the agreement going into effect, Anthony Singh was the individual who, among other things, primarily ran the day-to-day operations of SR MANGO HOUSE INC's business, hired, and terminated its employees, determined and established their work hours and schedules, and was the individual responsible for maintaining its employees' records at the business. This information was confirmed by our clients, who also confirmed that the wife of Anthony Singh, Savita Singh, shared equally in the above responsibilities.

The Plaintiffs' proposed Amended Complaint is attached hereto as **Exhibit A**, which alleges, *inter alia*, that: "During Plaintiffs' employment, SHOAIBUR RAHMAN entered into an agreement with Defendant ANTHONY SINGH, assigning the rights of the business to ANTHONY SINGH and transferring the lease of the property where the business is located to ANTHONY SINGH" (Ex. A ¶ 21); "SHOAIBUR RAHMAN still shared in the profits of the business, had an interest in the business and remained involved in the operations of the business" (Ex. A ¶ 22); "after the assignment of rights, Defendants SAVITA SINGH and ANTHONY SINGH were responsible for overseeing all daily operations at SR MANGO HOUSE INC" (Ex. A ¶ 23); and moreover, that "Defendants SAVITA SINGH and ANTHONY SINGH have: power and authority over all the final personnel and payroll decisions at SR MANGO HOUSE INC.; the power to hire, fire, and terminate employees at SR MANGO HOUSE INC.; were responsible for determining, establishing, and paying the wages of all employees, setting their work schedules, and maintaining all their employment records at SR MANGO HOUSE INC."; and [a]ccordingly, "Defendants SAVITA SINGH, and ANTHONY SINGH, were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL" (*see* Ex. A ¶¶ 24-29).

As such, the proposed Amended Complaint sufficiently alleges that Anthony Singh, and Savita Singh, as individuals, were Plaintiffs' 'employer' under the meaning and intent of the FLSA, and accordingly, are necessary parties to the adjudication of this Action, and who may be held responsible for the damages Plaintiffs claim herein.

Furthermore, adding these individuals as defendants will not prejudice either party. The currently-named Defendants do not oppose the addition of Anthony Singh and Savita Singh as named Defendants hereto.

Based on the forgoing, we respectfully request that the Court grant the Plaintiffs' instant motion to file Plaintiffs' Amended Complaint for this purpose, which is annexed hereto as "**Exhibit A**."

We thank the Court for its kind consideration on this matter, and we remain available to provide any additional information.

Respectfully submitted,

*Roman Avshalumov*
Roman Avshalumov, Esq.

**CC**:
Steven B. Ross, Esq.
Ross & Asmar LLC
270 Madison Avenue, Suite 1203
New York, NY 10016
Tel: 212-736-4201
Email: steven@rossasmar.com

**Anthony Singh**
177-56 Meadow Road #2
Jamaica NY 11434

**Savita Singh**
177-56 Meadow Road #2
Jamaica NY 11434