UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANDRES NAJERA, MARIO AVILA and ELPIDIO MUNGUIA, individually and on behalf of all others similarly situated,

                                Plaintiffs,

        -against-

SR MANGO HOUSE INC., SHOAIBUR RAHMAN, SAVITA SINGH and ANTHONY SINGH, as individuals,

                                Defendants.
-------------------------------------------------------------------------X

**Civil Docket No.:**
**1:22-cv-01051 (RPK)(LB)**

**AMENDED COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, **ANDRES NAJERA, MARIO AVILA and ELPIDIO MUNGUIA**, individually and on behalf of all others similarly situated (hereinafter referred to as the "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs **ANDRES NAJERA, MARIO AVILA and ELPIDIO MUNGUIA** through undersigned counsel, bring this action against **SR MANGO HOUSE INC., and SHOAIBUR RAHMAN, SAVITA SINGH, and ANTHONY SINGH, as individuals** (collectively hereinafter, the "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants at SR MANGO HOUSE INC located at 5117 Church Ave., Brooklyn, NY 11203.

2. As a result of the Defendants' violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00; Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ANDRES NAJERA was employed by Defendants at SR MANGO HOUSE INC. from in or around March 20, 2021, until in or around December 5, 2021.

8. Plaintiff MARIO AVILA was employed by Defendants at SR MANGO HOUSE INC. from in or around August 2021.

9. Plaintiff ELPIDIO MUNGUIA was employed by Defendants at SR MANGO HOUSE INC. from in or around November 2021 until in or around December 2021.

10. Defendant, SR MANGO HOUSE INC. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 5117 Church Ave., Brooklyn, NY 11203.

11. Defendant SR MANGO HOUSE INC. is a corporation duly authorized to do business under the laws of the State of New York.

12. Upon information and belief, Defendant SHOAIBUR RAHMAN was and/or is the owner of SR MANGO HOUSE INC.

13. Defendant SHOAIBUR RAHMAN was or is an agent of Defendant SR MANGO HOUSE INC.

14. Upon information and belief, Defendant SHOAIBUR RAHMAN was responsible for overseeing all daily operations at SR MANGO HOUSE INC.

15. Upon information and belief, Defendant SHOAIBUR RAHMAN has power and authority over all the final personnel decisions at SR MANGO HOUSE INC.

16. Upon information and belief, Defendant SHOAIBUR RAHMAN had the power and authority over all final payroll decisions at SR MANGO HOUSE INC.

17. Upon information and belief, Defendant SHOAIBUR RAHMAN had the exclusive final power to hire the employees at SR MANGO HOUSE INC.

18. Upon information and belief, Defendant SHOAIBUR RAHMAN had exclusive final power over the firing and terminating of the employees at SR MANGO HOUSE INC.
19. Upon information and belief, Defendant SHOAIBUR RAHMAN was responsible for determining, establishing, and paying the wages of all employees, setting their work schedules, and maintaining all their employment records at SR MANGO HOUSE INC.
20. Accordingly, Defendants SHOAIBUR RAHMAN was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
21. During Plaintiffs' employment, SHOAIBUR RAHMAN entered into an agreement with Defendant ANTHONY SINGH, assigning the rights of the business to ANTHONY SINGH and transferring the lease of the property where the business is located to ANTHONY SINGH.
22. Upon information and belief, despite this agreement, SHOAIBUR RAHMAN, still shared in the profits of the business, had an interest in the business and remained involved in the operations of the business.
23. However, after the assignment of rights, Defendants SAVITA SINGH and ANTHONY SINGH were responsible for overseeing all daily operations at SR MANGO HOUSE INC.
24. Defendants SAVITA SINGH and ANTHONY SINGH had power and authority over all the final personnel decisions at SR MANGO HOUSE INC.
25. Defendants SAVITA SINGH and ANTHONY SINGH had the power and authority over all final payroll decisions at SR MANGO HOUSE INC.
26. Defendants SAVITA SINGH and ANTHONY SINGH had power to hire the employees at SR MANGO HOUSE INC.
27. Defendants SAVITA SINGH and ANTHONY SINGH had the power over the firing and terminating of the employees at SR MANGO HOUSE INC.
28. Defendants SAVITA SINGH and ANTHONY SINGH were responsible for determining, establishing, and paying the wages of all employees, setting their work schedules, and maintaining all their employment records at SR MANGO HOUSE INC.

29. Accordingly, Defendants SAVITA SINGH and ANTHONY SINGH were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

30. On information and belief, SR MANGO HOUSE INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### ANDRES NAJERA

31. Plaintiff ANDRES NAJERA was employed by Defendants at SR MANGO HOUSE INC. from in or around March 20, 2021 until in or around December 5, 2021.

32. During Plaintiff ANDRES NAJERA'S employment by Defendants at SR MANGO HOUSE INC., Plaintiff's primary duties were as a fruit and grocery stocker and performing other miscellaneous duties.

33. Plaintiff ANDRES NAJERA regularly worked a schedule of shifts beginning at or around 8:00 a.m. each workday, and regularly ended at or around 6:00 p.m., or later., six (6) days per week.

34. Thus, Plaintiff was regularly required to work approximately sixty (60) hours, or more hours, each week during his employment at SR MANGO HOUSE INC.

35. During Plaintiff ANDRES NAJERA's employment, Plaintiff was paid by Defendants a flat weekly salary of approximately $700.00 per week from March 20, 2021 until December 5, 2021.

36. Although Plaintiff ANDRES NAJERA regularly worked approximately sixty (60) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Furthermore, Plaintiff was not compensated at all for his final two days of employment by Defendants.

## MARIO AVILA

38. Plaintiff MARIO AVILA was employed by Defendants at SR MANGO HOUSE INC. in August 2021.

39. During Plaintiff MARIO AVILA'S employment by Defendants at SR MANGO HOUSE INC., Plaintiff's primary duties were as a packer, stocker and performing other miscellaneous duties.

40. Plaintiff MARIO AVILA regularly worked a schedule of shifts beginning at 2:00 p.m. each workday, and regularly ended at approximately 11:00 p.m., or later., six (6) days per week.

41. Thus, Plaintiff was regularly required to work approximately fifty-four (54) hours, or more hours, each week during his employment at SR MANGO HOUSE INC.

42. During Plaintiff MARIO AVILA'S employment, Plaintiff was paid by Defendants a flat weekly salary of approximately $500.00 per week for each week of employment.

43. Defendants failed to pay Plaintiff MARIO AVILA the legally prescribed minimum wage for his hours worked in August 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

44. Although Plaintiff MARIO AVILA regularly worked approximately fifty-four (54) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## ELPIDIO MUNGUIA

45. Plaintiff ELPIDIO MUNGUIA was employed by Defendants at SR MANGO HOUSE INC. from in or around November 2021 until in or around December 2021.

46. During Plaintiff ELPIDIO MUNGUIA'S employment by Defendants at SR MANGO HOUSE INC., Plaintiff's primary duties were as a packer, stocker and performing other miscellaneous duties.

47. Plaintiff ELPIDIO MUNGUIA regularly worked a schedule of shifts beginning at 8:00 a.m. each workday, and regularly ended at approximately 6:00 p.m., or later., six (6) days per week.

48. Thus, Plaintiff was regularly required to work approximately sixty (60) hours, or more hours, each week during his employment at SR MANGO HOUSE INC.
49. During Plaintiff ELPIDIO MUNGUIA'S employment, Plaintiff was paid by Defendants a flat weekly salary of approximately:
    i. $650.00 per week for all hours worked from the start of his employment in November 2021 until in or around November 22, 2021, and
    ii. $700.00 per week for all hours worked from November 23, 2021 until his employment ended in December 2021.
50. Although Plaintiff ELPIDIO MUNGUIA regularly worked approximately sixty (60) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.
51. Furthermore, Plaintiff was not compensated at all for his final day of employment by Defendants.

## THE DEFENDANTS' OTHER WILLFUL VIOLATIONS UNDER THE NYLL COMMON TO ALL PLAINTIFFS

52. The Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
53. Moreover, the Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
54. Defendants failed to provide Plaintiffs with wage statements upon hiring and wage statements with each payment made to Plaintiffs in violation of NYLL 195 *et seq*.
55. As a result of these violations of Federal and New York State labor laws, the Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

57. Collective Class: All persons who are or have been employed by the Defendants as packers and stockers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

58. Upon information and belief, Defendants employed 8 to 15 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

59. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation and minimum wage compensation.

60. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

61. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

62. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

63. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

64. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

65. The claims of Plaintiffs are typical of the claims of the whole putative class.
66. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
67. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

68. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.
69. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
70. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
71. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
72. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
73. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.
74. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

75. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

76. At all times relevant to this action, Plaintiffs was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

77. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

78. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

81. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

82. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

83. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

84. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
85. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
86. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
88. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.
89. At all times relevant to this action, Defendants were employers within the meaning of NYLL.
90. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.
91. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
92. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

95. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

96. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

97. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

98. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

99. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

100. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SEVENTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

101. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

102. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

103. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

104. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

105. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

106. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs' unpaid wages;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact herein raised.

Dated:   September 22, 2022
         Kew Gardens, New York

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANDRES NAJERA, MARIO AVILA, and ELPIDIO MUNGUIA, individually and on behalf of all others similarly situated,

                              Plaintiffs,

      -against-

SR MANGO HOUSE INC., and SHOAIBUR RAHMAN, SAVITA SINGH, and ANTHONY SINGH, as individuals,

                              Defendants.

---

**AMENDED COLLECTIVE ACTION COMPLAINT**

---

***Jury Trial Demanded***

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

To:

**SR MANGO HOUSE INC.**
5117 Church Ave., Brooklyn, NY 11203

**SHOAIBUR RAHMAN**
5117 Church Ave., Brooklyn, NY 11203

**SAVITA SINGH**
5117 Church Ave., Brooklyn, NY 11203

**ANTHONY SINGH**
5117 Church Ave., Brooklyn, NY 11203