UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRES NAJERA, MARIO AVILA and ELPIDIO MNUGUIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- vs -<br><br>SR MANGO HOUSE INC., SHOAIBUR RAHMAN, SAVITA SINGH AND ANTHONY SINGH, as individuals<br><br>Defendants. | Case No. 22-Civ.-01051-RPK-LB<br><br>ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES NS DEMAND FOR JURY |

Defendants SR MANGO HOUSE INC. and SHOAIBUR RAHMAN (the "Answering Defendants"), by their attorneys, Ross & Asmar LLC, 499 Seventh Avenue, 23rd Floor South Tower, New York, New York, as and for an answer to the Amended Complaint with affirmative defenses allege as follows:

1. The allegations in paragraph 1 are not factual allegations that require a response. To the extent a response may be required, Answering Defendants deny the allegations.

2. The allegations in paragraph 2 are not factual allegations that require a response. To the extent a response may be required, Answering Defendants deny the allegations.

3. The allegations in paragraph 3 are not factual allegations that require a response. To the extent a response may be required, Answering Defendants deny the allegations.

4. The allegations in paragraph 4 are not factual allegations that require a response. To the extent a response may be required, Answering Defendants deny the allegations.

5. The allegations in paragraph 5 are not factual allegations that require a response. To

    the extent a response may be required, Answering Defendants deny the allegations.

6. The allegations in paragraph 6 are not factual allegations that require a response. To the extent a response may be required, Answering Defendants deny the allegations.

7. Answering Defendants deny the allegations in paragraph 7.

8. Answering Defendants deny the allegations in paragraph 8.

9. Answering Defendants deny the allegations in paragraph 9.

10. Admit that SR Mango House Inc. is a domestic corporation but deny that its principal executive office is located at 5117 Church Avenue, Brooklyn NY.

11. Admit that SR Mango House Inc. is a domestic corporation authorized to do business in New York.

12. Answering the allegations in paragraph 12, state that Rahman is a shareholder of the entity.

13. Answering the allegations in paragraph 13, state that Rahman is a shareholder of the entity. Deny the balance of the allegations in paragraph 13.

14. Answering the allegations in paragraph 14, state that Rahman is a shareholder of the entity. Deny the balance of the allegations in paragraph 14.

15. Answering the allegations in paragraph 15, admit that Rahman is a shareholder of SR Mango House Inc. but deny that SR Mango House Inc. has any business, operations, payroll or personnel at 5117 Church Avenue, Brooklyn NY and deny that any Answering Defendant performed any of the described tasks at or in connection with any business or operations at 5117 Church Avenue, Brooklyn, NY.

16. Answering the allegations in paragraph 16, admit that Rahman is a shareholder of SR Mango House Inc. but denies that SR Mango House Inc. has any business, operations,

payroll or personnel at 5117 Church Avenue, Brooklyn NY and denies that any Answering Defendant performed any of the described tasks at or in connection with any business or operations at 5117 Church Avenue, Brooklyn, NY.

17. Answering the allegations in paragraph 17, admit that Rahman is a shareholder of SR Mango House Inc. but deny that SR Mango House Inc. has any business, operations, payroll or personnel at 5117 Church Avenue, Brooklyn NY and deny that any Answering Defendant performed any of the described tasks at or in connection with any business or operations at 5117 Church Avenue, Brooklyn, NY.

18. Answering the allegations in paragraph 18, admit that Rahman is a shareholder of SR Mango House Inc. but deny that SR Mango House Inc. has any business, operations, employees or personnel at 5117 Church Avenue, Brooklyn NY and deny that any Answering Defendant performed any of the described tasks at or in connection with any business or operations at 5117 Church Avenue, Brooklyn, NY.

19. Answering the allegations in paragraph 19, admit that Rahman is a shareholder of SR Mango House Inc. but deny that SR Mango House Inc. has any business, operations, payroll, employees or personnel at 5117 Church Avenue, Brooklyn NY and deny that any Answering Defendant performed any of the described tasks at or in connection with any business or operations at 5117 Church Avenue, Brooklyn, NY.

20. Deny the allegations in paragraph 20.

21. Answering the allegations in paragraph 21, admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh..

22. Answering the allegations in paragraph 22, deny that any Answering Defendant remained involved in the business.

23. Answering the allegations in paragraph 23, admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh.

24. Answering the allegations in paragraph 24, admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh.

25. Answering the allegations in paragraph 25, admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh.

26. Answering the allegations in paragraph 26 admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh.

27. Answering the allegations in paragraph 27, admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh.

28. Answering the allegations in paragraph 28, admit that an agreement assigned rights and responsibilities was agreed to with Anthony Singh.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

56. The allegations in paragraph 56 are not factual allegations that require a response.  To the extent a response may be required, Answering Defendants deny the allegations.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67.

68. Answering Defendants repeat and reallege each response in the above paragraphs.

69. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Deny the allegations in paragraph 74.

75. Answering Defendants repeat and reallege each response in the above paragraphs.

76. Deny the allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78.

79. Answering Defendants repeat and reallege each response in the above paragraphs.

80. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81. Deny the allegations in paragraph 81.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86.

87. Answering Defendants repeat and reallege each response in the above paragraphs.

88. Deny the allegations in paragraph 88.

89. Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Answering Defendants repeat and reallege each response in the above paragraphs.

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Answering Defendants repeat and reallege each response in the above paragraphs.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Answering Defendants repeat and reallege each response in the above paragraphs.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103.

104. Answering Defendants repeat and reallege each response in the above paragraphs.

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106.

WHEREFORE, Answering Defendants demand that the causes of action in the Complaint be dismissed in their entirety.

### AS AND FOR AFFIRMATIVE DEFENSES OF ANSWERING DEFENDANTS

#### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

#### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any amounts due to any Plaintiff are due from another entity or person.

#### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All Plaintiffs were paid any and all amounts due to them.

#### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any failure to make any payment to any Plaintiff was not willful or knowing.

#### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

No Answering Defendant knowingly or willfully withheld any wages to any person.

#### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Neither SR Mango House Inc. nor Rahman are or were "employers" within the meaning of the Fair Labor Standards Act ("FLSA") or the New York State Labor Law ("NYLL").

#### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal

Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York State Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants, at all times, acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiffs for liquidated damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207, or the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs succeed in establishing a violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above his wages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA and/or the NYLL.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Answering Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent any particular employee petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of 29 U.S.C. § 207, because none of the defendants were, at any relevant time, an enterprise engaged in commerce within the meaning of the law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing therefrom reduced – because Plaintiffs failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

### AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims do not meet the required numerosity or other requirements for a collective action.

### AS AND FOR A CROSS CLAIMS AS AGAISNT SAVITA SINGH AND ANTHONYU SINGH

### AS AND FOR A FIRST CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CROSS- CLAIM DEFENDANTS SAVITA SINGH AND ANTHONY SINGH

1. Answering Defendants allege that any injuries and damages sustained by the Answering Defendants herein as a result of the alleged incident described in the plaintiffs' complaint were sustained in whole or in part by reason of the conduct or other breach of duty on the part of the Cross Claim Defendants.  If the plaintiffs were caused to sustain damages in the manner and at the time and place set forth in plaintiffs' complaint through any, then same was caused, brought about and sustained by reason of the conduct and actions for Cross Claim Defendants.

2. If it is determined that the Answering Defendants are liable in any degree to the plaintiff(s) or any other party, then Answering Defendants are entitled to have the

liability apportioned among and between the Cross Claim Defendants by way of contribution and/or Answering Defendants are entitled to be indemnified by Cross Claim Defendants.

3. By reason of the foregoing, Cross Claim Defendants will be liable to Answering Defendants in the amount of any recovery obtained by the plaintiffs or any co-defendant, and all costs, expenses, attorneys fees, legal fees and expenses of any kind in the defense of this action.

## AS AND FOR A SECOND CROSS-CLAIM FOR INDEMNIFICATION AGAINST CROSS CLAIM DEFENDANTS

4. Answering Defendants allege that any injuries and damages sustained by the Answering Defendants herein as a result of the alleged incident described in the plaintiffs' complaint were sustained in whole or in part by reason of the conduct or other breach of duty on the part of the Cross Claim Defendants.  If the plaintiffs were caused to sustain damages in the manner and at the time and place set forth in plaintiffs' complaint through any, then same was caused, brought about and sustained by reason of the conduct and actions for Cross Claim Defendants.

5. If it is determined that the Answering Defendants are liable in any degree to the plaintiff(s) or any other party, then Answering Defendants are entitled to indemnification by Cross Claim Defendants.

6. By reason of the foregoing, Cross Claim Defendants will be liable to Answering Defendants in the amount of any recovery obtained by the plaintiffs or any co-defendant,

and all costs, expenses, attorneys fees, legal fees and expenses of any kind in the defense of this action.

## AS AND FOR A THIRD CROSS-CLAIM FOR BRACH OF CONTRACT AS AGAINST CROSS CLAIM DEFENDANTS

7.      Answering Defendants allege that the Cross Claim Defendants agreed with Answering Defendants to operate the business in compliance with all laws and to provide a defense and indemnification to Answering Defendants in the event of any claim, suit or cause of action against Answering Defendants.

8.      Cross Claim Defendants are in breach of the agreement.

9.      By reason of the foregoing, Cross Claim Defendants are liable to Answering Defendants in the amount of any recovery obtained by the plaintiffs or any co-defendant and for all costs, expenses, attorneys fees, legal fees and expenses of any kind in the defense of this action and for breach of the agreement between the parties.

**WHEREFORE**, the Answering Defendants demand judgment against Cross Claim Defendants Savita Singh and Anthony Singh for indemnification and/or contribution in whole or in part for the amount of any sum which may be recovered herein against Answering Defendants and the attorneys fees, costs and disbursements of this action

## JURY DEMAND

Defendants demand a trial by jury of all causes of action.

Dated:  New York, New York
November 8, 2022

                        ROSS & ASMAR LLC

By:_____
Steven B. Ross, Esq.   (SR 5059)
499 Seventh Avenue
New York, NY 10016
(212) 736-4202
Fax:  (212) 736-2873
steven@rossasmar.com