

# HELEN F. DALTON & ASSOCIATES, P.C.
ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

July 5, 2023

**Via ECF:**
The Honorable Rachel P. Kovner, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Najera, et al v. SR Mango House Inc., et al*
Civil Docket No.: 22-cv-01051 (RPK)(LB)

Dear Judge Kovner:

Our office represents Plaintiffs Andres Najera, Mario Avila, and Elpidio Munguia ("Plaintiffs") in this FLSA action, and we respectfully submit this motion, jointly with counsel for SR Mango House Inc., and Shoaibur Rahman, as an individual ("the Mango House Defendants"), and counsel for Savita Singh and Anthony Singh, as individuals ("the Singh Defendants") (and collectively hereinafter, "Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit A**, were reached following extensive negotiations among the parties, culminating in a settlement being reached at the parties' Court-annexed mediation session held on April 21, 2023.

The parties respectfully submit this Motion in support of their position that the parties' Settlement Agreement is fair and reasonable, and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the parties' Settlement Agreement.

### I.   The Monetary Terms of the Settlement Agreement are Fair and Reasonable

a. The Settlement Amount

The parties agreed to resolve this matter for the total amount of Forty Thousand Dollars and Zero Cents ($40,000.00), which is inclusive of all wages, penalties, attorneys' fees, and costs.

b. Plaintiffs' Position

Plaintiffs brought this action against the Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that

they were not paid proper overtime compensation when they worked in excess of forty (40) hours per week for the Defendants.

The Plaintiffs' claims arise out of their alleged employment by the Defendants, at SR Mango House Inc., located at 5117 Church Ave., Brooklyn, NY 11203. The Plaintiffs' Amended Complaint herein, filed on September 28, 2022, added two additional defendants (namely Savita Singh and Anthony Singh), alleges that the individual Defendants named hereto were Plaintiffs' employers within the meaning and intent of the FLSA.

The Plaintiffs allegedly worked at SR Mango House Inc., during various time periods spanning from on or around March 20, 2021 until on or around December 5, 2021. The three named Plaintiffs each allege that during their employment with Defendants, they each regularly worked a schedule of shifts of approximately 10 hours worked per work day. Plaintiffs further alleged that they were regularly required to work six (6) days per week, equating to a total of approximately sixty (60) hours per week during their employment at SR Mango House.

Plaintiffs further alleged that despite regularly working schedules in excess of forty (40) hours per week, they were each paid by the Defendants a flat daily weekly salary ranging from $500.00 per week to $700.00 per week, for all hours worked.

Plaintiffs alleged that Plaintiffs were paid this same flat amount even for their overtime hours regularly worked each week, and this rate of pay did not change nor increase, despite the fact that Plaintiffs regularly worked in excess of forty (40) hours per week for the Defendants; Plaintiffs received no additional compensation for their overtime hours worked each week at SR Mango House. As such, Plaintiffs alleged that the wages Defendants paid to Plaintiffs did not properly compensate Plaintiffs at a wage rate of time-and-a-half (1.5) their regular rate of pay for Plaintiffs' hours regularly worked in excess of forty (40) hours per week.

In addition to their unpaid overtime wage claims, Plaintiffs also alleged that the Defendants failed to pay Plaintiffs the legally prescribed minimum wage for all their hours worked, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

Lastly, Plaintiff Andres Najera alleged that he was not compensated at all for his final two days of employment by Defendants, while Plaintiff Elpidio Munguia alleged that he was not compensated at all for his final day of employment by Defendants.

Based on the above allegations, which includes claims for liquidated damages as authorized pursuant to the FLSA/NYLL, Plaintiff Andres Najera alleged damages of $49,466.66; Plaintiff Mario Avila alleged damages of $13,557.14; and Plaintiff Elpidio Munguia alleged damages of $18,857.00. Collectively, the Plaintiffs claim damages in the sum of $81,880.80. This figure, however, assumed that the Plaintiffs would be 100% successful in establishing all of their claims as to the dates of their employment, the hours worked each and every week of the relevant statutory period, and proving that their did not receive any proper overtime, minimum wage and/or unpaid wages during this statutory period.

Although Plaintiffs believed that they could recover on all their above claims, Plaintiffs preferred a guaranteed payment through a Court-approved settlement. Plaintiffs understood the risks of continued litigation and recognized the factual disputes as to the dates of their employment,

the number of hours worked each week and the rate of pay that they received, as well as any defenses raised by Defendants that Plaintiffs were not entitled to overtime pay. The fact that these factual and legal disputes may not have been resolved until a trial at a later date favored the Plaintiffs' decision to settle early in the litigation process. Furthermore, Plaintiffs considered the economic realities of the Defendants' business – and specifically, the financial hardship of both sets of Defendants as expressed and discussed repeatedly among counsel – and the possibility of Plaintiffs obtaining a judgment on which they would not be able to collect at a much later time in the future absent the instant agreement.

   c. **Defendants' Position**

Defendants Anthony and Savita Singh (the "Singhs") state that they employed certain individuals at SR Mango House but cannot be certain that Plaintiffs were those individuals because they gave different names to the Singhs. For example, plaintiff Andres Najera gave his name as "Nain" and it was not until certain documents were provided to the Singhs during mediation that they realized who Najera was. Moreover, the Singhs believe that Plaintiffs did not work the days and hours alleged in the Amended Complaint. While the Singhs kept a ledger of other individuals and the hours they worked, the Singhs do not have records pertaining to the Plaintiffs for the reason stated previously. The Singhs believe that, at trial, they would be able to prove that Plaintiffs received their full pay.

   d. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $40,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted by the parties as well as the economic realities of the Defendants' business. Moreover, the settlement was only reached following extensive settlement discussion and negotiations among the parties during mediation. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiffs, the wages paid to Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III. Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

### a. Distribution to Plaintiffs Andres Najera, Mario Avila, and Elpidio Munguia

The parties agreed to a settlement of $40,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff Andres Najera will recover $15,000.00; Plaintiff Mario Avila will recover $5,000.00; and Plaintiff Elpidio Munguia will recover $5,722.00 (collectively, $25,722.00), after requested attorneys' fees $12,861.00), and reimbursement of costs ($1,417.00). Plaintiffs stand to receive a share of the settlement proceeds corresponding to their respective dates of employment, hours worked, pay received, and their damages claimed herein.

### b. Plaintiffs' Counsel's Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $1,417.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00;
- the costs of service of the Summons and Complaint on Defendants in this matter: $419.00;
- the costs of service of the Summons and Amended Complaint on Defendants in this matter: $296.00; and
- the costs of Mediation: $300.00.

Accordingly, Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($1,419.00), or $14,278.00 in attorneys' fees plus costs, as agreed upon in the Plaintiffs' retainers with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees, and expenses, in this matter is $14,278.00.

The settlement funds broken down into their component parts is as follows:

**Settlement Amount:** $40,000.00
**Attorneys' Expenses:** $1,417.00
**Net Settlement Amount:** $38,583.00
**Requested Attorneys' Fees:** $12,861.00 ($38,583.00/ 3)
**Total payable to Attorneys:** $14,278.00 ($12,861.00  + $1417.00)
**Total payable to 3 Plaintiffs:** $25,722.00 ($40,000.00 - $14,278.00)

Our office and the Plaintiffs have retainer agreements that are reduced to writing and are signed by the Plaintiffs. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

As explained above, this request for attorneys' fees is supported by the work performed by the Plaintiffs' counsel and the recovery secured through their efforts. Plaintiffs' counsel has advocated for their client throughout the negotiation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV.   Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. All  parties herein were represented by experienced and competent counsel who specialize in this area of law and the early settlement allows both sides to avoid the anticipated costs and burdens of protracted litigation. As such, we respectfully request that the Court approve the parties' Settlement Agreement in its entirety.

We thank the Court for its kind consideration on this matter, and we and remain available to provide any additional information.

Respectfully submitted,

*Avraham Y. Scher*
Avraham Y. Scher, Esq.