UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANDRES NAJERA, MARIO AVILA,
and ELPIDIO MUNGUIA,

                        Plaintiffs,

      -against-

SR MANGO HOUSE INC., SHOAIBUR RAHMAN,
ANTHONY SINGH, and SAVITA SINGH,

                        Defendants.
----------------------------------------------------------------------X

**ORDER**

**22 CV 1051 (LB)**

**BLOOM, United States Magistrate Judge:**

On February 28, 2022, plaintiffs filed a complaint alleging that defendants SR Mango House, Inc. and Shoaibur Rahman violated their rights under the Fair Labor Standards Act ("FLSA") as well as under the New York Labor Law ("NYLL") by, *inter alia*, failing to pay them minimum wages and overtime compensation. ECF No. 1. Plaintiffs were employed as packers and stockers in defendants' grocery store in Brooklyn, New York. On September 28, 2022, plaintiffs amended the complaint to add defendants Anthony Singh and Savita Singh (the "Singh defendants"). ECF No. 24.

The parties participated in a mediation session and reported reaching a settlement in principle on April 26, 2023. ECF No. 44. The parties now move for Court approval of their settlement agreement. ECF No. 47. Upon review of the parties' proposed settlement, the motion is granted and the settlement agreement is approved as fair and reasonable.[1]

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14-CV-311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

---

[1] The parties consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c). ECF No. 49.

"Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

Here, the parties have agreed that defendants shall pay plaintiffs a total settlement amount of $40,000.00.[2] ECF No. 47-1 ¶ 1. Plaintiffs shall receive a combined total of $25,722.00.[3] Id. ¶ 1(A)(i)-(ii). Plaintiff Najera shall be paid a total of $15,000.00, plaintiff Avila shall be paid a total of $5,000.00, and plaintiff Munguia shall be paid a total $5,722.00. Id. The payments shall be made in installments. Within thirty days of the Court approving the settlement agreement, defendants shall make an initial payment of $12,000.[4] Id. Defendants shall thereafter make payments every thirty days for a total of fourteen consecutive months.[5] Defendants shall provide all checks to plaintiffs' counsel.[6] Id. ¶ 1(b). The parties shall file a stipulation of dismissal with prejudice as to all claims brought by all plaintiffs in this action within ten days of receipt of the initial settlement installment. Id. ¶ 3.

This is a fair and reasonable settlement. Plaintiffs' counsel shall receive $12,861.00 in attorneys' fees and $1,417.00 in costs. Id. The attorneys' fees awarded by the settlement are one-third of the net settlement, a percentage that has been repeatedly approved as reasonable in the Second

---

[2] The Singh defendants shall pay $32,000.00 of this total, and defendants Shoaibur Rahman and SR Mango House shall pay $8,000.00. Id.

[3] The Court accepts plaintiffs' counsel's affirmation explaining how this division was agreed upon. ECF No. 47 at 2-3. In light of all the circumstances, including the risks associated with continued litigation, plaintiffs' decision to settle and the amount of the settlement is reasonable.

[4] This initial settlement payment shall be distributed as follows: $4,500.00 to plaintiff Andres Najera, $1,500.00 to plaintiff Mario Avila, $1,716.60 to plaintiff Elpidio Munguia, and $4,283.40 to attorneys Helen F. Dalton & Associates, P.C. Id.

[5] The continuing payments shall be distributed as follows: $750.00 to plaintiff Najera, $250.00 to plaintiff Avila, $286.10 to plaintiff Munguia, and $713.90 to attorneys Helen F. Dalton & Associates, P.C. Id.

[6] In the event that defendants default and this agreement must be enforced through litigation, defendants agree to pay plaintiffs' costs and attorneys' fees incurred in entering and enforcing the judgment. Id. ¶ 2(e).

Circuit. See, e.g., Hernandez v. Uzzal Pizzeria, Inc., No. 21-CV-177, 2022 WL 1032522, at *1 (S.D.N.Y. Apr. 6, 2022) ("The Agreement therefore allocates one-third of the net settlement amount—defendants' total payment less reasonable costs—to plaintiff's counsel as attorneys' fees, which is common and, on the facts at hand, reasonable."); Oxley v. Excellent Home Care Services, LLC, No. 18-CV-2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020). Upon review of plaintiffs' counsels' contemporaneous billing records, ECF No. 51-2, and in light of the work required to resolve this case, it is appropriate that the attorneys' fees agreed to are approximately 33% of the total settlement amount, minus costs. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

The settlement agreement does not include a general release[7] nor does it contain a confidentiality clause. Although it does contain a mutual non-disparagement clause, the clause contains a "carve-out" provision permitting the parties to make truthful statements about the terms of the settlement agreement or their experience in this litigation. ECF No. 47-1 ¶ 7. Therefore, I find the mutual non-disparagement clause is acceptable.

Accordingly, the Court approves the settlement agreement. Plaintiffs' motion for default judgment against the Singh defendants, ECF No. 34, is denied as moot. The parties shall file a stipulation discontinuing this matter with prejudice by August 14, 2023.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 31, 2023
        Brooklyn, New York

---

[7] The release is limited to claims alleged in the Complaint in this action arising under arising under the FLSA and the NYLL and their associated regulations. ECF No. 47-1 ¶ 6.